**WO**  KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene P. Patterson,<br><br>    Plaintiff,<br><br>v.<br><br>United States of America, et al.,<br><br>    Defendants. | No.   CV-24-00193-TUC-SHR<br><br>**ORDER** |

Pending before the Court are self-represented Plaintiff Eugene P. Patterson's Motion for Objections (Doc. 15) and Motion to Appoint Counsel (Doc. 16). The Court will construe the Motion for Objections as a motion for reconsideration, deny the Motion, and deny as moot the Motion to Appoint Counsel.

**I.  Background**

Plaintiff filed a civil rights Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court directed Plaintiff to either pay the filing and administrative fees or file an Application to Proceed In Forma Pauperis. Plaintiff then filed two Motions for Extension of Time, a deficient Application to Proceed In Forma Pauperis, and a Motion to Appoint Counsel. The Court denied the Motions for Extension of Time as moot, denied the Motion to Appoint Counsel, denied the deficient Application to Proceed, and gave Plaintiff 30 days to pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis and certified six-month trust account statement. Plaintiff subsequently filed a

Motion for Leave to File an Amended Complaint. Having not received from Plaintiff either the filing and administrative fees or a complete Application to Proceed In Forma Pauperis, the Clerk of Court entered a Judgment of dismissal for failure to comply with a Court order and closed this case. On July 15 and August 30, 2024, Plaintiff filed Motions for Objections, which the Court denied in a January 31, 2025 Order. On February 7, 2025, Plaintiff filed the pending Motion for Objections and Motion to Appoint Counsel.

**II.     Motions**

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

Although unclear, Plaintiff appears to assert the Court "made a mistake" because it did not contact the Federal Bureau of Prisons for Plaintiff's financial information. As the Court explained in its previous orders, it is Plaintiff's responsibility to obtain this information and provide it to the Court. The Court finds no basis to reconsider its decision

to dismiss this case. Thus, the Court will deny Plaintiff's Motion for Objections and will deny as moot Plaintiff's Motion to Appoint Counsel.

**IT IS ORDERED:**

    (1)    Plaintiff's Motion for Objections (Doc. 15) is **construed** as a motion for reconsideration. So construed, the Motion is **denied**.

    (2)    Plaintiff's Motion to Appoint Counsel (Doc. 16) is **denied** as moot.

    (3)    This case must remain **closed**.

Dated this 16th day of June, 2025.

Honorable Scott H. Rash
United States District Judge